UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK, a Texas banking association,
successor in interest by merger to Comerica Bank,
a Michigan banking corporation,

       Plaintiff,

v.

CATALINA PRECISION PRODUCTS, INC. a
Delaware corporation, and UFE
INCORPORATED, a Minnesota corporation,

       Defendants.

Case No. 2:10-cv-13089
Hon. George Caram Steeh
Mag. Judge Mark A. Randon

---

BODMAN LLP
Ralph E. McDowell (P39235)
Dennis J. Levasseur (P39778)
Attorneys for Comerica Bank
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
rmcdowell@bodmanllp.com
dlevasseur@bodmanllp.com

HOWARD & HOWARD ATTORNEYS PLLC
Andrew M. Zack (P27427)
Stephanie N. Olsen (P67072)
Attorneys for SCVP LLC, James R. Jones, Stone
Canyon Venture Partners, LP, West Coast
Opportunity Funds, LLC and Sandharbor
Investment Company LLC
450 West Fourth Street
Royal Oak, Michigan 48067
(248) 645-1483
azack@howardandhoward.com
solsen@howardandhoward.com

ERMAN, TEICHER, MILLER, ZUCKER &
FREEDMAN, P.C.
Earle I. Erman (P24296)
Julie Beth Teicher (P34300)
David H. Freedman (P40567)
David M. Miller (P36601)
Counsel for Court-Appointed Receiver
400 Galleria Officentre, Suite 444
Southfield, Michigan 48034
(248) 827-4100
eerman@ermanteicher.com
jteicher@ermanteicher.com
dfreedman@ermanteicher.com
dmiller@ermanteicher.com

KALAS KADIAN, P.L.C.
Mark H. Kadian (P46169)
Attorneys for Gregory Willis
43928 Mound Road, Suite 100
Sterling Heights, Michigan 48314
(586) 726-0760
mark@kalkad.com

**ORDER (1) AUTHORIZING RECEIVER TO SELL PROPERTY OF UFE INCORPORATED, BEING ALL OF ITS SHAREHOLDER INTEREST IN UFE PTE LTD, A SINGAPORE COMPANY, (2) APPROVING AND CONFIRMING SALE OF PROPERTY FREE AND CLEAR OF ANY AND ALL LIENS, MORTGAGES, CLAIMS, SECURITY INTERESTS AND OTHER ENCUMBRANCES OF ANY KIND OR TYPE, AND TRANSFERRING THEM TO THE NET PROCEEDS OF SALE, (3) FOR WAIVER OF APPRAISALS AND PUBLICATION, AND (4) GRANTING RELATED RELIEF**

This matter is before the Court on the Expedited Motion for Order (1) Authorizing Receiver to Sell Property of UFE Incorporated, Being All of Its Shareholder Interest in UFE Pte Ltd, a Singapore Company, (2) Approving and Confirming Sale of Property Free and Clear of Any and All Liens, Claims, Security Interests and Encumbrances of Any Kind or Type, and Transferring Them to the Net Proceeds of Sale, (3) for Waiver of Appraisals and Publication, and (4) Granting Related Relief (the "Motion"). A hearing was held on the Motion on December 16, 2010, after notice to all parties in interest. The Court has reviewed the Motion, and any objections thereto, and has heard the arguments of counsel relative to the relief requested. The Court finds that entry of this Order is in the best interests of the Receivership Estate, its creditors and other parties in interest, and finds good cause for entry of this Order.

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. Due, timely and appropriate notice of the Motion and an opportunity to object or be heard with respect to the Motion and the relief requested therein have been afforded to all interested persons and entities.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Civ. Pro. 52

B.  The Receiver has articulated good and sufficient reasons to support this Court's approval of the sale of the Sale Shares of UFE Pte Ltd pursuant to the Share Purchase Agreement dated November 24, 2010 (the " Purchase Agreement"), attached to the Motion as **Exhibit A**.[2]

C.  The entry of this Order is in the best interests of the Receivership Estate, its creditors and other parties in interest.

D.  The requirements of 28 USC §2001(b) and §2004 have been satisfied or waived by order of this Court.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted approving the sale pursuant to the Purchase Agreement, as provided herein.

2.  SCVP, LLC's ("SCVP") objection to the Motion is withdrawn and SCVP will, at Completion (closing), discharge its liens (the SCVP Lien, as defined in paragraph 7 below) in Singapore.

3.  The Receiver is authorized to sell the Sale Shares on behalf of UFE Incorporated.

4.  The Purchase Agreement, and the sale of the Sale Shares to Purchaser or Purchaser's nominee, are authorized, approved and confirmed in all respects.

5.  The Receiver is authorized to execute and deliver any and all documents and instruments, including but not limited to the Purchase Agreement, transfer documents, and such other closing documents necessary or advisable, in the Receiver's sole discretion, to consummate the transactions contemplated under the Purchase Agreement.

---

[2]  All capitalized terms not identified herein shall have the same definitions as stated in the Motion, the Brief in Support of the Motion and the Purchase Agreement. The term "Sale Shares" means the 3,500,000 shares of UFE Pte Ltd, a company incorporated in Singapore (Company Registration No. 197801918H) ("UFE Singapore") as more specifically set forth in the Purchase Agreement.

6. The Receiver is authorized to sell the Sale Shares in accordance with the Purchase Agreement, free and clear of any and all liens, claims, security interests and encumbrances of any kind or type (collectively, the "Liens), which Liens shall be transferred and shall attach to the net proceeds of sale attributable to the Sale Shares, with the same validity and priority as existed prior to the sale of the Sale Shares.

7. The lien of SCVP, as agent for the Participants under the Subordinated Participation Agreement, on the assets of UFE Singapore (the "SCVP Lien") shall be transferred to $950,000 of the First Tranche of the sale proceeds, without further action by SCVP to perfect that transferred Lien, and without prejudice to all challenges to the SCVP Lien or defenses thereto. The $950,000 of the First Tranche sale proceeds shall be held in escrow by the Receiver (in a bank other than Comerica) as an independent escrow agent. The $950,000 will not be disbursed without further order of the Court. The SCVP Lien on the assets of UFE Singapore (except as transferred to the $950,000) is hereby terminated, extinguished and discharged.

8. All arguments of all parties as to their respective rights to the $950,000 are preserved.

9. The net proceeds from the sale of the Sale Shares, except for $950,000 as referenced in paragraph 7 above, shall be paid by the Receiver to Comerica at closing.

10. Comerica Bank has a first Lien on the Sale Shares and all Liens junior to the Comerica Bank lien on the Sale Shares are terminated, extinguished and discharged immediately upon entry of this Order, without regard to form or any compliance with recording requirements.

11. No person or entity shall have any redemption rights with respect to the sale of the Sale Shares, and the sale of the Sale Shares shall be final upon entry of this Order and the closing thereon.

12. This Order is without prejudice to all arguments of all parties in Case No. 2:10-cv-14572-PJD-MAR, <u>Comerica Bank v. James R. Jones, et al.</u>, including without limitation, jurisdiction, venue, claims, counterclaims, defenses, and the assertion by SCVP that the $950,000 is not payment on account of the Comerica Loans (as defined in the Subordinated Participation Agreement) or Comerica's assertion that the $950,000 is a payment on account of the Comerica Loans (as defined in the Subordinated Participation Agreement), and neither the finding in this Order that Comerica has a Lien on the Sale Shares nor the termination, extinguishment and discharge of the SCVP Lien on the assets of UFE Singapore (except as transferred to the $950,000) shall impact those assertions.

13. This Order shall be valid and binding on all parties in interest and fully effective and enforceable immediately upon entry.

14. This Court shall retain jurisdiction over any matter of dispute arising from or relating to the implementation of this Order.

Dated: December 17, 2010

s/George Caram Steeh
UNITED STATES DISTRICT JUDGE

**APPROVED:**

| BODMAN LLP | ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C. |
|---|---|
| By: */s/ Ralph E. McDowell/by consent* | By: */s/ Julie Beth Teicher* |
| Ralph E. McDowell (P39235) | Earle I. Erman (P24296) |
| Dennis J. Levasseur (P39778) | Julie Beth Teicher (P34300) |
| 6th Floor at Ford Field | David H. Freedman (P40567) |
| 1901 St. Antoine Street | 400 Galleria Officentre, Suite 444 |
| Detroit, Michigan 48226 | Southfield, Michigan 48034 |
| (313) 259-7777 | (248) 827-4100 |
| rmcdowell@bodmanllp.com | eerman@ermanteicher.com |
| dlevasseur@bodmanllp.com | jteicher@ermanteicher.com |
| Attorneys for Comerica Bank | dfreedman@ermanteicher.com |

|  | Counsel for Court-Appointed Receiver |
|---|---|
| HOWARD & HOWARD ATTORNEYS PLLC | KALAS KADIAN, P.L.C. |
| By: */s/ Andrew M. Zack/by consent*<br>    Andrew M. Zack (P27427)<br>    Stephanie N. Olsen (P67072)<br>450 West Fourth Street<br>Royal Oak, Michigan 48067<br>(248) 645-1483<br>azack@howardandhoward.com<br>solsen@howardandhoward.com<br>Attorneys for SCVP LLC, James R. Jones, Stone Canyon Venture Partners, LP, West Coast Opportunity Funds, LLC and Sandharbor Investment Company LLC | By: *Mark H. Kadian/by consent*<br>    Mark H. Kadian (P46169)<br>43928 Mound Road, Suite 100<br>Sterling Heights, Michigan 48314<br>(586) 726-0760<br>mark@kalkad.com<br>Attorneys for Gregory Willis |