UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK, a Texas banking association, successor in interest by merger to Comerica Bank, a Michigan banking corporation,

    Plaintiff,

v().

CATALINA PRECISION PRODUCTS, INC. a Delaware corporation, and UFE INCORPORATED, a Minnesota corporation,

    Defendants.

Case No. 2:10-cv-13089
Hon. George Caram Steeh
Mag. Judge Mark A. Randon

| | |
|---|---|
| BODMAN LLP<br>Ralph E. McDowell (P39235)<br>Dennis J. Levasseur (P39778)<br>Attorneys for Comerica Bank<br>6th Floor at Ford Field<br>1901 St. Antoine Street<br>Detroit, Michigan 48226<br>(313) 259-7777<br>rmcdowell@bodmanllp.com<br>dlevasseur@bodmanllp.com | ERMAN, TEICHER, MILLER,<br>ZUCKER & FREEDMAN, P.C.<br>Earle I. Erman (P24296)<br>Julie Beth Teicher (P34300)<br>David H. Freedman (P40567)<br>Counsel for Court-Appointed Receiver<br>400 Galleria Officentre, Suite 444<br>Southfield, Michigan 48034<br>(248) 827-4100<br>eerman@ermanteicher.com<br>jteicher@ermanteicher.com<br>dfreedman@ermanteicher.com |
| HOWARD & HOWARD ATTORNEYS PLLC<br>Andrew M. Zack (P27427)<br>Stephanie N. Olsen (P67072)<br>Attorneys for SCVP LLC, James R. Jones, Stone Canyon Venture Partners, LP, West Coast Opportunity Funds, LLC and Sandharbor Investment Company LLC<br>450 West Fourth Street<br>Royal Oak, Michigan 48067<br>(248) 645-1483<br>azack@howardandhoward.com<br>solsen@howardandhoward.com | KALAS KADIAN, P.L.C.<br>Mark H. Kadian (P46169)<br>Attorneys for Gregory Willis<br>43928 Mound Road, Suite 100<br>Sterling Heights, Michigan 48314<br>(586) 726-0760<br>mark@kalkad.com |

**ORDER (1) AUTHORIZING RECEIVER TO SELL ASSETS OF UFE INCORPORATED LOCATED IN OSCEOLA, WISCONSIN AND EL PASO, TEXAS, (2) AUTHORIZING RECEIVER TO SELL PROPERTY ON BEHALF OF SPE INVESTMENTS, LLC, (3) APPROVING SALE OF SUCH ASSETS OF UFE INCORPORATED AND SPE INVESTMENTS, LLC FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, SECURITY INTERESTS AND OTHER ENCUMBRANCES OF ANY KIND OR TYPE, AND TRANSFERRING THEM TO THE NET PROCEEDS OF SALE, (4) FOR APPROVAL OF APPRAISALS AND WAIVER OF PUBLICATION, AND (5) GRANTING RELATED RELIEF**

This matter is before the Court on the Expedited Motion for Order (1) Authorizing Receiver to Sell Assets of UFE Incorporated, Located in Osceola, Wisconsin and El Paso, Texas, (2) Authorizing Receiver to Sell Property on Behalf of SPE Investments, LLC, (3) Approving Sale of Such Assets of UFE Incorporated and SPE Investments, LLC Free and Clear of Any and All Liens, Claims, Security Interests and Other Encumbrances of Any Kind or Type, and Transferring Them to the Net Proceeds of Sale, (4) For Approval of Appraisals and Waiver of Publication, and (5) Granting Related Relief (the "Motion"). A hearing was held on the Motion on January 6, 2011 after notice to all parties in interest. The Court has reviewed the Motion, and any objections thereto, and has heard the arguments of counsel relative to the relief requested. The Court finds that entry of this Order is in the best interests of the Receivership Estate, its creditors and other parties in interest, and finds good cause for entry of this Order.

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. Due, timely and appropriate notice of the Motion and an opportunity to object or be heard with respect to the Motion and the relief requested therein have been afforded to all interested persons and entities.

B. The Receiver has articulated good and sufficient reasons to support this Court's approval the sale of the Assets pursuant to the Asset Purchase Agreement dated December 3, 2010 (the "Purchase Agreement"), attached to the Motion as **Exhibit A**.[2]

C. The entry of this Order is in the best interests of the Receivership Estate, its creditors and other parties in interest.

D. The requirements of 28 USC §2001(b) and §2004 have been satisfied or waived by order of this Court.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Civ. Pro. 52

[2] All capitalized terms not identified herein shall have the same definitions as stated in the Motion, and the Brief in Support of the Motion. The term "Assets" means the personal property, goodwill, and business operations of UFE Incorporated located in Osceola, Wisconsin and El Paso, Texas as more specifically set forth in the Purchase Agreement.

2

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted.

2. The Purchase Agreement and the sale of the Assets to Buyer are authorized, approved and confirmed.

3. The Receiver is authorized to sell the SPE Property on behalf of SPE Investments, LLC.

4. The Receiver is authorized to execute and deliver any and all documents and instruments, including but not limited to the Purchase Agreement and such other closing documents necessary or advisable, in the Receiver's sole discretion, to consummate the transactions contemplated under the Purchase Agreement.

5. The Receiver is authorized to sell the Assets in accordance with the Purchase Agreement, free and clear of any and all liens, claims, security interests and encumbrances of any kind or type (the "Liens"), which Liens shall be transferred and shall attach to the net proceeds of sale of the Assets, with the same validity and priority as existed prior to the sale of the Assets.

6. The proceeds of sale shall be paid to the Receiver and held by the Receiver pending the Court's approval of the proposed disbursement of sale proceeds, which proposed disbursement shall take into account applicable taxes which constitute a Lien on the Assets senior to Comerica's interests and any other Liens on the Assets which are senior to Comerica's interests.

7. No person or entity shall have any redemption rights with respect to the sale of the Assets, and the sale of the Assets shall be final upon entry of this Order and the closing thereon.

8. Notwithstanding anything to the contrary contained in the Purchase Agreement, the Assets are being sold, assigned, conveyed and transferred to Buyer without any express or

implied representations or warranties whatsoever, "AS IS"  "WHERE IS" "WITH ALL FAULTS" and "WITHOUT RECOURSE."

    9.  This Order shall be valid and binding on all parties in interest and fully effective and enforceable immediately upon entry.

    10.  This Court shall retain jurisdiction over any matter of dispute arising from or relating to the implementation of this Order.

Dated:  January 10, 2011                            s/George Caram Steeh
                                                      UNITED STATES DISTRICT JUDGE