UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK, a Texas banking association,
successor in interest by merger to Comerica Bank, a
Michigan banking corporation,

        Plaintiff,

v.

Case No. 2:10-cv-13089
Hon. George Caram Steeh
Mag. Judge Mark A. Randon

CATALINA PRECISION PRODUCTS, INC. a
Delaware corporation, and UFE INCORPORATED,
a Minnesota corporation,

        Defendants.

| | |
|---|---|
| BODMAN LLP<br>Ralph E. McDowell (P39235)<br>Dennis J. Levasseur (P39778)<br>Attorneys for Comerica Bank<br>6th Floor at Ford Field<br>1901 St. Antoine Street<br>Detroit, Michigan 48226<br>(313) 259-7777<br>rmcdowell@bodmanllp.com<br>dlevasseur@bodmanllp.com | ERMAN, TEICHER, MILLER,<br>ZUCKER & FREEDMAN, P.C.<br>Earle I. Erman (P24296)<br>Julie Beth Teicher (P34300)<br>David H. Freedman (P40567)<br>Counsel for Court-Appointed Receiver<br>400 Galleria Officentre, Suite 444<br>Southfield, Michigan 48034<br>(248) 827-4100<br>eerman@ermanteicher.com<br>jteicher@ermanteicher.com<br>dfreedman@ermanteicher.com |
| HOWARD & HOWARD ATTORNEYS PLLC<br>Andrew M. Zack (P27427)<br>Stephanie N. Olsen (P67072)<br>Attorneys for SCVP LLC, James R. Jones, Stone Canyon Venture Partners, LP, West Coast Opportunity Funds, LLC and Sandharbor Investment Company LLC<br>450 West Fourth Street<br>Royal Oak, Michigan 48067<br>(248) 645-1483<br>azack@howardandhoward.com<br>solsen@howardandhoward.com | KALAS KADIAN, P.L.C.<br>Mark H. Kadian (P46169)<br>Attorneys for Gregory Willis<br>43928 Mound Road, Suite 100<br>Sterling Heights, Michigan 48314<br>(586) 726-0760<br>mark@kalkad.com |

**ORDER (1) AUTHORIZING RECEIVER TO SELL ASSETS OF UFE INCORPORATED LOCATED IN MONTERREY, MEXICO, (2) AUTHORIZING RECEIVER TO SELL CERTAIN EQUITY INTERESTS IN MEXICAN ENTITIES, (3) APPROVING SALE OF SUCH ASSETS AND EQUITY INTERESTS OF UFE INCORPORATED FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, SECURITY INTERESTS AND OTHER ENCUMBRANCES OF ANY KIND OR TYPE, AND TRANSFERRING SAME TO PROCEEDS OF SALE, (4) FOR WAIVER OF APPRAISALS AND PUBLICATION, AND (5) GRANTING RELATED RELIEF**

This matter is before the Court on the Expedited Motion for Order (1) Authorizing Receiver to Sell Assets of UFE Incorporated Located In Monterrey, Mexico, (2) Authorizing Receiver to Sell Certain Equity Interests in Mexican Entities, (3) Approving Sale of Such Assets and Equity Interests of UFE Incorporated Free and Clear of any and all Liens, Claims, Security Interests and Other Encumbrances of any Kind or Type, and Transferring Same to Proceeds of Sale, (4) For Waiver of Appraisals and Publications, and (5) Granting Related Relief (the "Motion"). A hearing was held on the Motion on *March 3rd*, 2011, after notice to all parties in interest. The Court has reviewed the Motion, and any objections thereto, and has heard the arguments of counsel relative to the relief requested. The Court finds that entry of this Order is in the best interests of the Receivership Estate, its creditors and other parties in interest, and finds good cause for entry of this Order.

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A. Due, timely and appropriate notice of the Motion and an opportunity to object or be heard with respect to the Motion and the relief requested therein have been afforded to all interested persons and entities.

B. The Receiver has articulated good and sufficient reasons to support this Court's approval of the sale of the Assets and Equity Interests[2] pursuant to the Asset Purchase Agreement dated February 4, 2011, attached to the Motion as **Exhibit A,** the Stock Purchase Agreement, attached to the Motion as **Exhibit B**, and the Equity Quota Purchase Agreement attached to the Motion as **Exhibit C** (collectively, the "Purchase Agreements").

C. The entry of this Order is in the best interests of the Receivership Estate, its creditors and other parties in interest.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Civ. Pro. 52

[2] All capitalized terms not identified herein shall have the same definitions as stated in the Motion, and the Brief in Support of the Motion. The term "Assets" means the personal property, goodwill, and business operations of UFE Incorporated located in Monterrey, Mexico as more specifically set forth in the Asset Purchase Agreement.

2

D. The requirements of 28 USC §2001(b) and §2004 have been satisfied or waived by order of this Court.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is granted in its entirety.

2. The Purchase Agreements and the sale of the Assets and Equity Interests to Buyers are authorized, approved and confirmed.

3. The Receiver is authorized to execute and deliver any and all documents and instruments, including but not limited to the Purchase Agreements and such other closing documents necessary or advisable, in the Receiver's sole discretion, to consummate the transactions contemplated under the Purchase Agreements.

4. The Receiver is authorized to sell the Assets and Equity Interests in accordance with the Purchase Agreements, free and clear of any and all liens, claims, security interests and encumbrances of any kind or type (the "Liens"), which Liens shall be transferred and shall attach to the net proceeds of sale of the Assets and Equity Interests, with the same validity and priority as existed prior to the sale of the Assets and Equity Interests.

5. The net proceeds of sale (net of applicable taxes which constitute a Lien on the Assets and Equity Interests senior to Comerica's interests and net of any other Liens on the Assets and Equity Interests which are senior to Comerica's interests) shall be paid by the Receiver to Comerica, which has a first priority validly perfected Lien on the Assets and Equity Interests.

6. No person or entity shall have any redemption rights with respect to the sale of the Assets and Equity Interests, and the sale of the Assets and Equity Interests shall be final upon entry of this Order and the closing thereon.

7. Notwithstanding anything to the contrary contained in the Purchase Agreements, the Assets and Equity Interests are being sold, assigned, conveyed and transferred to Buyers without

any express or implied representations or warranties whatsoever, "AS IS" "WHERE IS" "WITH ALL FAULTS" and "WITHOUT RECOURSE."

8. This Order shall be valid and binding on all parties in interest and fully effective and enforceable immediately upon entry.

9. This Court shall retain jurisdiction over any matter of dispute arising from or relating to the implementation of this Order.

Dated: 3/3/11

UNITED STATES DISTRICT JUDGE

F:\OTHERINS\Catalina Precision Products\Order for sale of assets  Mexico 2 16 10.doc

4